# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0373, <u>Appeal of AmGUARD Insurance Group & a.</u>, the court on June 26, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). AmGUARD Insurance Group, insurer of the employer, Baroody & Greenwood, LLC (collectively the Carrier), appeals an order of the New Hampshire Compensation Appeals Board (CAB) finding that the employee, Michael Messina, was injured in the course of his employment. We vacate and remand.

The following facts are derived from the CAB's order, are supported by the record, or are otherwise undisputed. The employee was a handyman and maintenance worker for the employer. The employee's primary duties were cleaning the company's office and straightening up the gym owned by one of the employer's owners, which was "a couple doors down" from the office. The employee did other maintenance projects at other locations as needed. The employee received assignments from his employer during the workday by phone and considered himself "always on call."

On November 10, 2020, the employee requested and received permission from his supervisor to leave work and get his motorcycle from his home so that he could put it in storage for the winter. According to the employee, his home was approximately twenty miles away from both his primary worksites. After picking up the motorcycle, and while on his way back to work in downtown Manchester, the employee was hit by a van and severely injured. There is no evidence that the employee was responding to a call from his employer at the time of the accident.

The employee filed a workers' compensation claim, which the Carrier denied. The employee filed a petition with the New Hampshire Department of Labor (DOL), and, after a hearing, the DOL found that the employee sustained a work-related injury and awarded workers' compensation benefits. The Carrier appealed to the CAB, which held a <u>de novo</u> hearing on March 24, 2022. On March 31, 2022, the CAB issued a written decision finding that the employee was injured in the course of his employment, that the "coming and going" rule did not apply, and that his injury was compensable. The CAB found that "while [the employee] was riding his motorcycle he was still acting in

an activity related to his employment since he had never 'left' work and could be called on his way back to downtown Manchester." The CAB did not determine whether the employee's injury resulted from a risk created by his employment. The Carrier filed a motion for reconsideration, arguing that the CAB erred by failing to make a finding regarding whether the employee's injury arose out of his employment. The CAB denied the Carrier's motion and this appeal followed.

We will not disturb the CAB's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. Appeal of Doody, 172 N.H. 802, 805 (2020); see RSA 541:13 (2021). The CAB's factual findings are prima facie lawful and reasonable. RSA 541:13. We review the CAB's factual findings deferentially and will uphold them unless the evidence does not support them. Appeal of Doody, 172 N.H. at 805. We review the CAB's legal rulings de novo. Id. We construe the Workers' Compensation Law liberally to give the broadest reasonable effect to its remedial purpose. Id. Thus, when construing it, we resolve all reasonable doubts in favor of the injured worker. Appeal of Estate of Dodier, 174 N.H. 548, 553 (2021). Here, as the appealing party, the Carrier has the burden to show reversible error. See Appeal of Hawes, 175 N.H. 221, 223 (2022).

To obtain workers' compensation benefits, a claimant must show that his or her injuries arose "out of and in the course of employment." RSA 281-A:2, XI (2023). A claimant must prove: (1) that the injury arose out of employment by demonstrating that it resulted from a risk created by the employment; and (2) that the injury arose in the course of employment by demonstrating that (A) it occurred within the boundaries of time and space created by the terms of employment; and (B) that it occurred in the performance of an activity related to employment, which may include a personal activity if reasonably expected and not forbidden, or an activity of mutual benefit to employer and employee. Murphy v. Town of Atkinson, 128 N.H. 641, 645-46 (1986). "The test, thus, contains three elements, and the failure to prove any one of them is fatal to a claimant's workers' compensation claim." Appeal of Hawes, 175 N.H. at 224.

We first turn to the Carrier's argument that the CAB erred as a matter of law when it failed to analyze the causal relationship between the employee's injury and his employment under the first Murphy element prior to applying the remainder of the test. The employee counters that, even though the CAB did not reference the first Murphy element, the CAB's order contained a "substantive analysis regarding whether [the employee's] injury resulted from a risk created by his employment."

We do not read the CAB order as containing a sufficient analysis of the first Murphy element. See Appeal of LeBorgne, 173 N.H. 488, 493 (2020) (interpretation of a CAB decision presents a question of law, for us to decide). We have required the CAB to make a finding on the first Murphy element

before proceeding to the remainder of the test.  See Appeal of Margeson, 162 N.H. 273, 284-85 (2011); Appeal of Kelly, 167 N.H. 489, 494 (2015).  Indeed, we instructed the CAB that "in all future cases, it should make a finding regarding the cause of the claimant's injury."  Appeal of Kelly, 167 N.H. at 494.  In Margeson, we outlined four types of injury-causing risks and stated that the first step in applying the Murphy test was for the CAB to determine which category of risk is applicable to the claimant's injury.  See Appeal of Margeson, 162 N.H. at 277-79, 284-85.  If the risk is purely personal, then compensation is denied.  Id. at 277-78.  If the risk is created by employment, then compensation may be warranted, and the analysis proceeds to the second Murphy element.  See id. at 77.  If the risk is either neutral or mixed, then there are additional tests that must be applied.  Id. at 278; Appeal of Kelly, 167 N.H. at 493 (neutral risks require the application of the increased-risk test and mixed risks require proof of both medical and legal causation).

Here, because the facts in the record on appeal are not such that a reasonable fact finder could reach only one conclusion, we cannot decide the issue as a matter of law.  Cf. Appeal of Hawes, 175 N.H. at 228-29 (deciding first element of the Murphy test not addressed by the CAB was met because a reasonable fact finder could reach only one conclusion).  Accordingly, we vacate the CAB order and remand for the CAB to begin its Murphy analysis with the first Murphy element, and for additional fact finding as necessary.

Vacated and remanded.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, DONOVAN, and COUNTWAY, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,
Clerk**